**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

AEOLUS SYSTEMS, LLC, )
                                 )
      Plaintiff, )
                                 )     No. 1:07-cv-00581-1-LJB
           v. )     (Judge Bush)
                                 )
THE UNITED STATES, )
                                 )
      Defendant, )

## MOTION OF GLOBAL SOLUTIONS NETWORK, INC., TO INTERVENE

       Global Solutions Network, Inc. ("GSN"), by its undersigned counsel, respectfully

moves to intervene as a matter of right in the above-captioned case pursuant to RCFC

24(a)(2), or, in the alternative, for leave to intervene permissively pursuant to RCFC

24(b)(2).

       GSN has been selected for the award of contract at issue, and thus has a direct

and substantial interest in the outcome of this litigation. Moreover, GSN's interest is not

adequately represented by the existing parties, and the disposition of this action may as

a practical matter impair or impede its ability to protect that interest. Intervention by

GSN will not unduly delay or prejudice the adjudication of the rights of the original

parties to this litigation. The grounds in support of GSN's motion to intervene are more

fully set forth in the accompanying Memorandum of Points and Authorities.

Counsel for the United States has advised that the Government has no objection

to this motion.  Counsel for GSN has attempted, by telephone and e-mail, to contact

plaintiff's counsel regarding this motion, but has been unsuccessful.

Respectfully submitted,

Pompan, Murray & Werfel, P.L.C.

August 15, 2007

Gerald H. Werfel

Pompan, Murray & Werfel, P.L.C.
601 King Street, Suite 400
Alexandria, Virginia 22314
Telephone: 703.739.1340
Facsimile:  703.739.1342
E-mail:  ghwerfel@pompanmurray.com
Attorney for Global Solutions Network, Inc.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **AEOLUS SYSTEMS, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:07-cv-00581-1-LJB |
| | ) (Judge Bush) |
| **THE UNITED STATES**, | ) |
| | ) |
| Defendant, | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GSN's MOTION TO INTERVENE

Global Solutions Network, Inc. ("GSN"), by its undersigned counsel, respectfully submits this Memorandum of Points and Authorities in support of its Motion to Intervene. As shown below, GSN has a direct and substantial interest in the procurement at issue that is inadequately represented by the existing parties to the litigation. Accordingly, GSN is entitled to intervene as of right in this action. Alternatively, GSN's motion for permissive intervention should be granted because GSN's defenses share common questions of fact and law with the principal action. GSN's intervention will not unduly delay or prejudice the adjudication of rights of the original parties, and these parties do not object to GSN's intervention.

### BACKGROUND

Aeolus Systems, LLC ("Aeolus"), was originally selected by the Army for award of the contract contemplated by Solicitation No. W91QV1-06-R-0031 ("RFP 0031"). That contract was set-aside for award to a Historically Underutilized Business Zone

("HUBZone") small business concern ("SBC").   GSN, a qualified HUBZone SBC submitted an offer in response to RFP 0031, and upon learning that Aeolus had been selected for award, filed a protest challenging Aeolus' status as a HUBZone SBC. The Small Business Administration ("SBA") finally determined that Aeolus was not a HUBZone SBC, and the Army subsequently notified GSN that its offer in response to RFP 0031 had now been selected for award.

Aeolus filed suit in the U.S. District Court for the Middle District of Florida challenging the loss of the contract.  Upon motion of the Government, the Aeolus law suit was transferred to the U.S. Court of Federal Claims where it has been docketed as Case No. 1:07-cv-00581-LJB.

## ARGUMENT

RCFC Rule 24 authorizes intervention as of right where the applicant has an interest relating to the subject of the action; disposition of the action may impair or impede the applicant's ability to protect that interest; and the applicant's interests are not adequately represented by existing parties to the litigation.  RCFC 24(a)(2).   The applicant has a minimal burden of demonstrating that representation of its interests by existing parties is inadequate.

Here, GSN, having been selected for award of the challenged contract, has a direct and substantial economic interest in the procurement at issue in this action.  If Aeolus were to prevail in this law suit, GSN could lose the contract, and the profits it would otherwise earn under the contract.  Moreover, while the interests of GSN and the SBA and the Army may be similar, they are in fact different and may not always coincide.  As a result, there is a likelihood that GSN's interests may not be adequately

2

protected by the SBA and the Army.  Where, as here, the original defendant is a

government body, there is no presumption that its representation of a private party will

be adequate, unless that governmental body is charged by law with representing the

interests of the intervenor.  Natural Resources Defense Council v. Environmental

Protection Agency, 99 F.R.D. 607, 610 n. 5 (D.D.C. 1983).  Neither the SBA nor the

Army is charged to represent GSN's interests.  Accordingly, if GSN is denied the

opportunity to intervene, its unique interests – preserving its ability to reap profits on the

contract – will not be represented before this Court.

        This Court has routinely recognized the legally protectable interests of other

awardees in bid protests.  See, e.g., Management Solutions & Systems, Inc., 75 Fed.

Cl. 820 (2007) (awardee intervened); T&S Products, Inc. v. United States, 48 Fed. Cl.

100 (2000) (awardee intervened); Pike's Peak Family Housing, LLC v. United States,

40 Fed. Cl. 673 (1998) (awardee intervened).  Consistent with those cases, GSN has a

substantial interest in the outcome of this litigation and should be permitted to intervene

as of right.

        Alternatively, the Court should allow permissive intervention.  Permissive

intervention is appropriate where an applicant's claims or defenses share a common

question of law or fact with the main action, and intervention would not unduly delay the

action or prejudice the rights of existing parties.  RCFC 24 (b)(2).  Those requirements

are met here. GSN's defense of its award clearly shares common issues of law and fact

with the main action, and GSN's participation will contribute to the full development of

the underlying factual and legal issues.  Moreover, this motion is timely made so as not

3

to hinder the speedy resolution of this matter.  Accordingly, GSN should be granted

leave to intervene permissively in this action.

## CONCLUSION

For the reasons stated above, GSN's Motion to Intervene in this action should be

granted.

Respectfully submitted,

Pompan, Murray & Werfel, P.L.C.

August 15, 2007                    Gerald H. Werfel

Pompan, Murray & Werfel, P.L.C.
601 King Street, Suite 400
Alexandria, Virginia 22314
Telephone: 703.739.1340
Facsimile:  703.739.1342
E-mail:  ghwerfel@pompanmurray.com
Attorney for Global Solutions Network, Inc.

4